## No. 4553.

### Bussey & Co. v. J. A. Rothschilds.

In the jurisprudence of this State the writ of attachment is considered a harsh remedy, and should not be granted, except where the creditor is clearly entitled to it. The evidence in this case does not make it clear that the defendant was about to convert his property into money or evidences of debt with the intent to place it beyond the reach of his creditors, as alleged, and as the law prescribes.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J. *E. D. Farrar*, for plaintiffs and appellants. *J. O. Seale* and *H. R. Morrison*, for defendant and appellee.

Howell, J. The plaintiffs have appealed from a judgment dissolving a writ of attachment obtained by them against the property of the defendant, on the allegation that he was "about to convert his property into money or evidences of debt with intent to place it beyond the reach of his creditors." A careful examination of the evidence does not convince us that the judge *a quo* erred. In our jurisprudence this writ is considered a harsh remedy, and should not be granted except where the creditor is clearly entitled to it. The evidence does not make it clear that the defendant was about to convert his property into money or evidences of debt with the intent to place it beyond the reach of his creditors, as alleged, and as the law prescribes as the ground for the writ.

It seems that the plaintiffs had issued a writ of sequestration and a writ of attachment, under which all the property of the defendant, including a stock of goods, a lot of cotton, work animals, etc., was seized, and upon a compromise between the parties was released and restored to the defendant, upon the promise, as alleged, that he would ship to plaintiffs all the cotton he could get from his lessees and debtors, and pay to them what he could realize upon the sales of his goods. The acts complained of and shown by the evidence are that a few days after this agreement the defendant sold four bales of cotton to pay his landlord, who had taken out a provisional seizure, and sent two or three of his work animals to his brother's plantation, a few miles distant.

The sale of the four bales of cotton, as made, was certainly not with the intent to place them beyond the reach of the creditors, for their proceeds went to pay a privileged and pressing debt, and there is no proof that he made any effort to sell his work animals or any of his goods out of the ordinary course of trade. But it is shown that on the very day the second attachment was levied he shipped on the railroad fifteen bales of cotton to the plaintiffs. It is true this lot of cotton seems to have been somewhat irregularly taken possession of by the sheriff under the writ of attachment, and two or three days after the writ had been executed upon other property, and was turned over to the sureties of the defendant on his release bond. But this can not be deemed a ground for the issuance of the writ, having occurred after it was issued. While it may be true that the defendant may not have been fulfilling his promises to plaintiffs as faithfully and rapidly as the latter had a right possibly to expect, the facts developed by the evidence do not justify the harsh and summary writ of attachment.

Judgment affirmed.